[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Bringing forth two assignments of error, defendant-appellant Steven Blake appeals from the judgment of the trial court convicting him, following a bench trial, of assault in violation of R.C. 2903.13(A). For the following reasons, we affirm.
In his first assignment of error, Blake contends that his conviction was against the manifest weight of the evidence. Blake specifically argues that the testimony of the two arresting police officers, that Blake had punched Officer John in the face while trying to run from the scene, was not credible. Blake testified that he did not hit Officer John when running past him. Conflicts in the evidence, including credibility of the witnesses, are primarily for the trier of fact to resolve.[1]
The court here was entitled to believe the state's witnesses and to disbelieve Blake. Further, upon a review of the record and sitting as a "thirteenth juror," we conclude that the court did not lose its way and create such a manifest miscarriage of justice that we must reverse the conviction and order a new trial.[2] The first assignment of error is overruled.
In his second assignment of error, Blake contends that he was denied effective assistance of counsel by his attorney's failure to make a Crim.R. 29 motion at the close of the state's case and again at the close of his own case. We disagree.
In order to establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[3] Failure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel, where the evidence in the state's case demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense have been proved beyond a reasonable doubt, and that such a motion would have been fruitless.[4] Our review of the record convinces us here that the state's evidence, which consisted of the testimony of the two arresting police officers, showed that reasonable minds could have reached different conclusions as to whether the elements of assault had been proved beyond a reasonable doubt, and that a motion for acquittal would have been properly overruled. Thus, the failure of Blake's attorney to move for an acquittal under Crim.R. 29 did not fall below an objective standard of reasonable representation. Accordingly, the second assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Painter, JJ.
[1] See State v. DeHaas (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547.
[3] See Strickland v. Washington (1984), 466 U.S. 668, 686,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136, 141-143,538 N.E.2d 373, 379-381.
[4] State v. Adams (Aug. 24, 2001), Hamilton App. Nos. C-000388, C-000389, and C-000390, unreported.